UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAVID GERALD MINKKINEN and
SIVARAMAN SAMBASIVAM,

      Defendants.

CRIMINAL ACTION No. **2:22-cr-00163-2**

**DEFENDANTS SIVARAMAN SAMBASIVAM'S AND
DAVID GERALD MINKKINEN'S JOINT MOTION FOR LEAVE
TO FILE MOTION TO DISMISS**

Defendant Sivaraman Sambasivam, by and through undersigned counsel and with the joinder of co-defendant, David Gerald Minkkinen, through his counsel of record, respectfully moves this Court for leave to file a motion to dismiss Counts One through Five of the Superseding Indictment, which the Grand Jury returned on May 31, 2023. A copy of the proposed motion to dismiss is attached as Exhibit 1. Under Federal Rule of Criminal Procedure 12(c)(3), "good cause" exists for the Court to "consider" the motion. Defendants move to dismiss the Superseding Indictment's wire fraud counts (Counts Two through Five) as barred by the statute of limitations and for failure to state an offense based on the U.S. Supreme Court's decision in *Kousisis v. United States*, 605 U.S. 114 (2025), which was decided after this Court's pretrial motions deadline of June 13, 2023. Defendants further move to dismiss the trade secret conspiracy count (Count One) under *Grunewald v. United States*, 353 U.S. 391 (1957) because the objectives of the alleged trade secret conspiracy necessarily were accomplished more than five years before the original Indictment was

returned on August 23, 2022, and the Superseding Indictment fails to allege any cognizable overt acts within the applicable five-year limitations period.

Good cause further exists in light of the complexity of the statute-of-limitations issues that the motion implicates; the basis for the motion was not readily available to Defendants before the June 13, 2023 deadline, given the complexity of those issues and counsel's focus on preparing for trial in July 2023. Finally, good cause exists because the motion will not prejudice the Government, given that the Court has set a trial date in January 2027.

## I.      BACKGROUND

On August 23, 2022, the Government indicted the Defendants. *See* Dkt. No. 1. The court set a deadline for pretrial motions of September 21, 2022, *see* Dkt. No. 19, and subsequently extended that deadline on several occasions. On May 31, 2023, the grand jury returned a Superseding Indictment that added new wire fraud counts and included additional factual allegations. *Compare* Dkt No. 1 ¶¶ 1–8, 13–19, *with* Dkt. No. 186 ¶¶ 1–41, 48–61. On June 5, 2023, the Court extended the deadline for filing motions relating to the Superseding Indictment to June 13, 2023. *See* Dkt. No. 214. Defendants filed only one motion directed to the Superseding Indictment by that deadline, *see* Dkt. No. 232, as they were expending almost all of their focus, energies, and resources preparing for trial, which then was scheduled for July 10, 2023, *see, e.g.*, Dkt. No. 274. For example, Defendants filed nine pretrial motions on June 2, 2023, *see* Dkt. Nos. 196–97, 199–202, 206–08; Defendants provided supplemental briefing to the Court regarding the Superseding Indictment's effect on Defendants' pending motions, including their motion to dismiss for preindictment delay, on June 7, *see* Dkt. No. 216; Defendants filed replies and responses in connection with several motions on June 20, *see* 251–61, 263–66; and Defendants filed voir dire and jury instructions on June 21, *see* Dkt. Nos. 269–70, 272.

On June 26, 2023, this Court granted in part Defendants' then-pending motion to dismiss based on preindictment delay. *See* Dkt. No. 278. This Court dismissed, among others, Counts One through Five of the Superseding Indictment. *See id.* The Government appealed and this Court stayed the case pending the appeal. *See* Dkt. Nos. 282, 284. While the Government's appeal was pending, the U.S. Supreme Court issued its decision in *Kousisis*. The Fourth Circuit reversed this Court's dismissal based on preindictment delay and remanded for further proceedings. *See* Dkt. No. 321. This Court then denied Defendants' pending motion to dismiss, citing *Kousisis*. *See* Dkt. No. 328. And this Court granted Defendants motion to continue the trial, setting a trial date in January 2027. *See* Dkt. No. 334.

## II.   ARGUMENT

A motion to dismiss based on "a defect in the indictment" or on a "failure to state an offense" must be "raised by pretrial motion if the basis for the motion is then reasonably available." Fed. R. Crim. P. 12(b)(3). The Court has the discretion to "set a deadline for the parties to make pretrial motions." Fed. R. Crim. P. 12(c)(1). However, "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). And if a party fails timely to bring a pretrial motion, the "court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

For multiple independent reasons, Defendants have established good cause for the Court to consider their motion to dismiss Counts One through Five of the Superseding Indictment. ***First***, a "basis" for Defendants' motion to dismiss Counts Two through Five—the wire fraud counts— was not "reasonably available" to Defendants on June 13, 2023 because the U.S. Supreme Court had not yet issued its decision in *Kousisis*. In their proposed motion to dismiss Counts Two through Five, Defendants will establish that on the face of the Superseding Indictment, the Defendants obtained any relevant property interests that could have been the object of wire fraud—Deloitte's

trade secrets and Sagitec's right to future payments under the Consortium contract with Maryland and West Virginia—no later than 2015, when the Consortium contract was executed after Defendants left Deloitte's employment.

It follows that Count Two, for wire fraud conspiracy, necessarily is barred by the statute of limitations because the objective of any conspiracy—the obtaining of property interests—was attained more than five years before the grand jury returned the original Indictment on August 23, 2022. And Counts Three through Five, for substantive wire fraud, fail as a matter of law because the alleged wires were sent in 2017, 2020, and 2021, *after* the Defendants allegedly attained the relevant property interests by 2015. Defendants could not reasonably have identified the legal flaws in these Counts without the Supreme Court's decision in *Kousisis*, which clarified the relationship between wire fraud directed at obtaining a lucrative contract and the common-law tort of fraudulent inducement of contract. *See* 605 U.S. at 118, 123–28. Because courts have recognized that "an intervening change in the law" constitutes "good cause" for "an untimely pretrial motion," the Court should consider Defendants' proposed motion to dismiss in light of the Supreme Court's decision in *Kousisis*. *United States v. Phillips*, 2020 U.S. Dist. LEXIS 42782, at *4 (D. Nev. Mar. 11, 2020) (citing *United States v. Mulder*, 889 F.2d 239, 240 (9th Cir. 1989)).

*Second*, there is good cause to consider Defendants' motion to dismiss Count One—the trade secret conspiracy count—because of the complexity of the legal issues implicated by the motion. Defendants intend to move to dismiss Count One under *Grunewald v. United States*, 353 U.S. 391 (1957), because the objectives of the alleged trade secret conspiracy necessarily were accomplished before August 23, 2017, more than five years prior to the date of the original Indictment; and because the Superseding Indictment fails to allege any cognizable overt acts occurring after August 23, 2017. Defendants' arguments regarding the objectives of the alleged

trade secret conspiracy implicate issues regarding the interpretation of 18 U.S.C. § 1832 that have not been squarely resolved by the federal courts—including whether possession of trade secrets under 18 U.S.C. § 1832(a)(3) is a continuing offense under *Toussie v. United States*, 397 U.S. 112 (1970)—and address the several new factual allegations included in the Superseding Indictment. And Defendants' arguments regarding the insufficiency of the Superseding Indictment's overt act allegations turn on a complex analysis of *Grunewald*; the "vital distinction . . . between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up the crime," *United States v. Wilson*, 624 F.3d 640, 656 n.18 (4th Cir. 2010); and other precedent regarding the extent to which overt acts must be alleged with specificity. In light of the complexity of Defendants' arguments, there is good cause for Defendants' inability to raise the arguments during the two weeks between the issuance of the Superseding Indictment and the pretrial motion deadline. *Cf. United States v. Eldridge*, 2014 U.S. Dist. LEXIS 8519, at *5 (W.D.N.Y. Jan. 23, 2014) (finding good cause because the "case [was] extremely complicated").

Good cause for the motion exists not only because there was a short window of time during which counsel could analyze the complex legal issues relating to the statute of limitations for Count One, but also because counsel were preparing for trial during that time. Because counsel were busy preparing for a July 13, 2023 trial date that was fast approaching during the two-week period between the Superseding Indictment's issuance and the pretrial motions deadline, there was good cause for Defendants' inability to analyze the complicated legal issues related to the statute of limitations and to file a corresponding motion to dismiss.

*Finally*, there is good cause for the Court to entertain Defendants' motion because it will not prejudice the Government. Defendants are not seeking to file a new motion to dismiss on the

- 5 -

eve of trial, or after jeopardy has attached. Defendants instead are bringing the motion well in advance of the January 2027 trial date to allow the Government and the Court fully to consider the complex legal issues implicated by the motion. Because entertaining the motion will not prejudice the Government, good cause exists for the Court to entertain the motion. *Cf. United States v. Jonnie*, 2021 U.S. Dist. LEXIS 73382, at \*7 (M.D. Pa. Apr. 15, 2021) (finding good cause where "any prejudice to the government [was] minimal" because "jury selection and trial d[id] not yet have a date certain" and "the government" could "respond to the newly raised arguments").

\*       \*       \*

For these reasons, Mr. Sambasivam and Mr. Minkkinen respectfully request the Court to grant them leave to file a motion to dismiss Counts One through Five of the Superseding Indictment.

Dated: July 2, 2026

Respectfully submitted,

By: */s/ Susan M. Robinson*
Susan M. Robinson (WVSB #5169)
**Thomas Combs & Spann, PLLC**
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV 25338
T: (304) 414-1800
F: (304) 414-1801
srobinson@tcspllc.com

RJ Zayed
Nicole Engisch
Ellie Soskin
**Dorsey & Whitney LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
T: (612) 340-2600
F: (612) 340-2868
zayed.rj@dorsey.com
engisch.nicole@dorsey.com
soskin.ellie@dorsey.com

*Attorneys for Defendant Sambasivam*

- 6 -

*/s/ Stephen S. Stallings*
Stephen S. Stallings, Esquire (PA # 205131)
**The Law Offices of Stephen S. Stallings, Esq.**
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
T: 412.322.7777
F: 412-322-7773
attorney@stevestallingslaw.com

*/s/ Michael Edward Nogay*
Michael Edward Nogay, Esq.
**Sellitti, Nogay & Nogay, PLLC**
P.O. Bo 3095
Weirton, WV 26062
T: 304.723.1400
F: 304.723.3252
Mike@NogayLaw.com

*Counsel for Defendant David Gerald Minkkinen*

**CERTIFICATE OF SERVICE**

I, Susan M. Robinson, counsel for Defendant Sivaraman Sambasivam, hereby certify that on this 2nd day of July, 2026, I served a copy of **DEFENDANTS SIVARAMAN SAMBASIVAM'S AND DAVID GERALD MINKKINEN'S JOINT MOTION FOR LEAVE TO FILE MOTION TO DISMISS** by filing the same with the Court using the CM/ECF System.

*/s/ Susan M. Robinson*
Susan M. Robinson (WVSB #5169)